1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDY GOMEZ,                          Case No.  1:22-cv-00977-HBK (PC)

12              Plaintiff,                ORDER NOTING VOLUNTARY
                                          DISMISSAL UNDER FED. R. CIV. P.
13        v.                              41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF
                                          CERTAIN CLAIMS
14   GONZALEZ and CHARLES,
                                          (Doc. No. 12)
15              Defendants.

16

17        Plaintiff Andy Gomez, a prisoner, is proceeding pro se and *in forma pauperis* in this

18   action filed under 42 U.S.C. § 1983.  On June 23, 2023, this Court issued a screening order on

19   Plaintiff's Complaint.  As discussed at length in this Court's June 23, 2023 Screening Order, the

20   Complaint states a cognizable Eighth Amendment failure to protect claim against Defendants

21   Gomez and Charles in their individual capacities but no other claim.  (Doc. No. 7 at 4-6).  The

22   Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a

23   notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable

24   in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings

25   and Recommendations to dismiss the defendants and claims not cognizable.  (*Id*. at 7).  After

26   granting Plaintiff two extensions of time to respond to the June 23, 2023 Screening Order, on

27   September 28, 2023, Plaintiff filed a pleading, signed and dated September 25, 2023, titled

28   "Plaintiff's Intent to Stand on Current Complaint as Screened."  (Doc. No. 12).  In the pleading

1    Plaintiff states he "intend[s] to stand on the current complaint as screened and proceed only on his

2    Eighth Amendment failure to protect claim against both defendants Gonzalez and Charles in their

3    individual capacities, thereby voluntarily dismissing the Fourteenth Amendment and official

4    capacity claims…." (*Id.*).

5          Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a

6    notice of dismissal before the opposing party answers the complaint or moves for summary

7    judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary

8    judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior

9    to an answer or motion for summary judgment to dismiss fewer than all named defendants or

10   claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).

11   Alternatively, the Court construes Plaintiff's motion to dismiss Plaintiff's Fourteenth Amendment

12   and official capacity claims against Defendants Gonzalez and Charles as a motion to amend the

13   Complaint under Federal Rule of Civil Procedure 15(a). *Hells Canyon Pres. Council v. U.S.*

14   *Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when

15   party is eliminating an issue or one or more claims but not completely dismissing a defendant).

16   In accordance with Plaintiff's notice, his Fourteenth Amendment and official capacity claims are

17   dismissed without prejudice by operation of law. Plaintiff's Complaint will proceed on his Eighth

18   Amendment failure to protect claim against Defendants Gomez and Charles. (*See* Doc. Nos. 1,

19   7). The Court will direct service of process on Defendants Gomez and Charles by separate order.

20         Accordingly, it is **ORDERED**:

21         Plaintiff's Fourteenth Amendment and official capacity claims against Defendants Gomez

22   and Charles are dismissed without prejudice.

23   Dated:    September 29, 2023

24                                                        HELENA M. BARCH-KUCHTA
                                                          UNITED STATES MAGISTRATE JUDGE
25

26

27

28