UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY GOMEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>GONZALEZ and CHARLES,<br><br>            Defendants. | Case No. 1:22-cv-00977-HBK (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 18)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAYING CASE<br><br>DEADLINE TO OPT OUT DUE BY:<br><br>MARCH 26, 2024 |

Plaintiff Andy Gomez is a state prisoner proceeding pro se and *in forma pauperis* on his complaint brought pursuant to 42 U.S.C. § 1983 as screened. (Doc. Nos. 1, 7, 13). As set forth in the Court's June 23, 2023, Screening Order, Plaintiff's operative complaint stated Eighth Amendment failure to protect claims against both Defendants Gonzalez and Charles in their individual capacities but no other claim. (Doc. No. 7). Defendants waived service and request an extension of time to file a responsive pleading. (Doc. Nos. 17, 18).

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.

1

*See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for 90 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference at some point.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.

2. Defendants motion for extension of time (Doc. No. 18) is GRANTED to the extent that Defendants may, but are not required, to file a response to the complaint during the stay period.  The parties may not file other pleadings or motions during the stay period.  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

3. No later than March 26, 2024, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

4. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

6. Plaintiff is reminded he must keep the Court informed of his current addresses during the stay and the pendency of this action. Any changes of address must be reported promptly by filing a Notice of Change of Address with the Clerk of Court. *See* Local Rule 182(f). The failure to file a notice of change of address may result in a dismissal of this action without prejudice.

Dated:    December 26, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE