UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GONZALEZ and CHARLES,<br><br>        Defendants. | Case No.  1:22-cv-00977-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANT GONZALEZ FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br> (Doc. No.  25) |

Pending before the Court is the exhaustion-based Motion to Dismiss filed by Defendants Gonzalez and Charles on May 14, 2024. (Doc. No. 25, "Motion"). Defendants seeks dismissal of Defendant Gonzlaez under Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's failure to exhaust his administrative remedies as to Defendant Gonzalez, which Defendants argue is apparent from the face of the Complaint. (Doc. No. 25-1 at 4-5). Plaintiff did not file an opposition to eh Motion and the time to do so has expired. (*See* docket). For the reasons set forth below, the Court grants Defendants' Motion.

**BACKGROUND**

**A. Procedural History and Allegations in Complaint**

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by

---
[1] Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1).  (Doc. No. 28).

filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff proceeds on his initial Complaint as screened against Defendants Gonzalez and Charles on his Eighth Amendment failure to protect claim arising from Plaintiff's confinement at Kern Valley State Prison ("KVSP").  (Doc. Nos. 1, 12, 13).

According to the Complaint, "[o]n February 28, 2021, Correctional Officer Gonzalez approached my cell door and said you are moving to the lower yard "C" building which is the security threat group building at Kern Valley State Prison." (*Id*. at 3).  Plaintiff "pleaded to C.O. Gonzales to not move me because I have safety issues at the lower yard 'C' building . . . [t]hat's when C.O. Gonzales told me that he is not the one in charge of moving me to the lower yard "C" building [,] that Sargeant [sic] Charles is the officer in charge and in control of moving you to the security threat group building . . ." (*Id*.).  The Complaint alleges that, "Officer Gonzales's inaction to adhere to my safty [sic] conserns [sic] contributed to me getting stabed [sic] and almost murderd [sic].  Sargeant Charles actions of sending me to lower "C" yard building is why I was violently stabbed." (*Id*.).

Plaintiff also attaches to his Complaint a declaration relating that Defendant Gonzalez told him, "you cant run and hide forever, pack up your [sic] moving to the lower yard." (*Id*. at 8 ¶ 11).  Plaintiff asked him why he was being moved and Gonzalez replied, "because I said so and I already put the move in." (*Id*. at 8-9 ¶ 11).  In other words, the exchange that Plaintiff initially attributed to Defendant Charles in the grievance Plaintiff attributed to Defendant Gonzalez in the Complaint.  The declaration also describes an extensive back and forth between Plaintiff and Defendant Gonzalez.  Plaintiff allegedly told Gonzalez he would be killed if he was housed on the lower yard, and Gonzalez told Plaintiff he would resort to force if Plaintiff refused the cell move and threatened to issue him a rule violation report.  (*Id*. at 11 ¶¶ 29-30).

On May 14, 2024, in response to the Complaint, Defendants filed the instant exhaustion-based Motion.  Defendants argue that Plaintiff's failure to exhaust his administrative remedies as to Defendant Gonzalez is apparent from the face of the Complaint because the grievances attached to Plaintiff's Complaint and incorporated by reference therein do not refer to Defendant Gonzalez nor otherwise put prison officials on notice of a claim against Defendant Gonzalez.

1 (Doc. No. 25-1 at 2-3).  Thus, Defendants contend that, consistent with the Prison Litigation
2 Reform Act, Gonzalez should be dismissed.  (*Id*. at 4).  As noted *infra*, Plaintiff filed no
3 opposition to the Motion.

          **B. Facts Alleged in Complaint Re: Exhaustion of Administrative Remedies**

5        In his Complaint, Plaintiff acknowledges that an administrative grievance process was
6 available, he submitted a request for administrative relief for his claim, and he appealed his
7 request for relief to the highest level.  (*See* Doc. No. 1 at 3).  Plaintiff further states that the
8 grievance documents by which he exhausted his remedies are the documents attached to his
9 Complaint. (Doc. No. 1 at 12, ¶ 40).  Plaintiff specially refers to Exhibit C as evidence that he
10 exhausted his administrative remedies as to the claims in his Complaint.  (*Id*.).  Attached to
11 Plaintiff's Complaint are several exhibits, including Exhibit C which contain copies of Plaintiff's
12 initial grievance submitted on January 11, 2022 (assigned log # 209476), his appeal submitted
13 February 6, 2022, and the response to the appeal from the KVSP Office of Grievances and the
14 California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals ("OOA").
15 (Doc. No. 1 at 18-28).

16        Grievance 209476 clearly describes the facts giving rise to Plaintiff's Eighth Amendment
17 failure to protect claim advanced in his Complaint.  Until February 28, 2021, Plaintiff was housed
18 in KVSP Facility C in the upper yard, where no known members or associates of the 2-5 Gang
19 Security Threat Group ("STG") are located, due to Plaintiff's documented safety concerns related
20 to the 2-5 Gang.  (*Id*. at 21).  However, on February 28, 2021, Defendant Charles approached
21 Plaintiff to inform him that he would be moving to the lower yard of Facility C, telling Plaintiff
22 "you can't run and hide forever," and when Plaintiff asked why he was being moved, Charles
23 replied "because I said so."  (*Id*.).  Despite Plaintiff's concerns, he was transferred to the lower
24 yard, and less than a week later he was assaulted and stabbed by several 2-5 Gang members,
25 nearly dying from his injuries.  (*Id*. at 22).  The grievance contends that Plaintiff was "forcefully
26 [sic] housed by Sargent Charles of KVSP Facility C on the lower yard" and that he was
27 "wrongfully subjected due to (Sgt. Charles) deliberate indifference to my health, safety while
28 willfully disregarding all my documented safety chronos . . ." and as a result was attacked by the

1   gang members. (*Id*.).

2   On January 15, 2022, Plaintiff received an Office of Grievances Decision, notifying him

3   that his grievance was being classified as a Staff Complaint, was being referred to the

4   "appropriate authority within the Department" for a response, and that "this decision exhausts all

5   administrative remedies available to you for this claim." (*Id*. at 25). On February 6, 2022,

6   Plaintiff submitted an appeal to the CDCR Office of Appeals ("OOA"), stating:

> This decision does not address the harm and injury I suffered on March 4, 2021. I believe the decision may exhaust all administrative remedies but I still need the Sacramento CDCR Office to render their decision as to the misconduct by KVSP Sgt. Charles[.] It is my firm conviction to file a civil lawsuit pertaining to the staff misconduct by Sergeant Charles on February 28, 2021 that resulted in the March 4, 2021 incident at KVSP resulting in serious injury to grievant.

11  (*Id*. at 19). On March 15, 2022, Plaintiff received a response from the OOA rejecting the appeal

12  because "[y]our claim disputes or contravenes the regulatory framework for the grievance and

13  appeal process itself which is not permitted under the California Code of Regulations, title 15,

14  section 3485(g)(6)(E). This serves as the Department's final decision regarding this claim." (*Id*.

15  at 18).

## APPLICABLE LAW

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.), cert. denied, 484 U.S. 944 (1987). *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (collecting cases and recognizing court may consider documents attached to complaint or incorporated in reference when considering a

4

Rule 12(b)(6) motion without converting the motion to a Rule 56 motion). To properly be considered as a Rule 12(b0(6) motion, the nonexhaustion defense must raise no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defense may be raised by motion to dismiss only if "the defense raises no disputed issues of fact").

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Courts are instructed to apply Rule 15 with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted); *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019). Only where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," should leave to amend be denied. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Exhaustion Under the Prison Litigation Reform Act**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); s*ee also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner, or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93.

A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA

exhaustion requirement. *Id.* at 218. In *Albino v. Baca*, the Ninth Circuit explained that a failure to exhaust may be raised in a motion to dismiss under Rule 12(b)(6), or a summary judgment motion under Rule 56. *See* 747 F.3d 1162, 1166 (9th Cir. 2014). And where exhaustion is apparent from the face of a complaint, the court is required to dismiss the complaint and, when dispositive of the entire case, the dismissal constitutes a strike under the PLRA. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

### C. CDCR Administrative Policies

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") requires an inmate to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. *See generally* Cal. Code Regs. tit. 15 § 3480-3486.3 (2020). Title 15 requires an inmate submitting a grievance to, *inter alia*, "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge . . ." Cal. Code Regs. tit. 15, § 3482(c)(2).

### D. Plaintiff's Failure to Oppose the Motion

The Local Rules in this District provide that in prisoner cases any opposition to a motion is due within twenty-one (21) days. E.D. Cal. L.R. 230(l). "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." E.D. Cal. R. 230(l) (2023). Failure to follow a district court's local rules is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir.1979). Thus, a court may dismiss an action for plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. *See Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995), cert. denied 116 S.Ct. 119 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b), and time to file opposition); *see also Bury v. Adams*, 2006 WL 1085083, at *1 (E.D. Cal. Apr. 25, 2006) (recommending district court grant motion to dismiss on exhaustion grounds), report and

1  recommendation adopted, 2006 WL 1832447 (E.D. Cal. June 27, 2006); *cf. Marshall v. Gates*, 44
2  F.3d 722 (9th Cir. 1995); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993)
3  (motion for summary judgment cannot be granted simply as a sanction for a local rules violation,
4  without an appropriate exercise of discretion).

5  Here, Defendants filed their Motion on May 14, 2024.  Plaintiff did not timely file an
6  opposition or request an extension of time to file an opposition.  Thus, the Court deems Plaintiff's
7  failure to oppose Defendant's Motion as a waiver of any opposition.  Nevertheless, the Court
8  analyzes whether Plaintiff's failure to exhaust his administrative remedies as to Defendant
9  Gonzalez is apparent from the face of the Complaint as argued in Defendants' Motion.

10  **DISCUSSION**

11  **A. An Administrative Grievance Process Was Available to Plaintiff**

12  In raising the affirmative defense of exhaustion, it is Defendants' burden to prove that an
13  administrative grievance process was available to Plaintiff.  *Albino*, 747 F.3d at 1172.  Plaintiff
14  acknowledges on the face of his Complaint that a grievance process was available to him at
15  KVSP.  (*See* Doc. No. 1 at 3 ¶ 5).  He also contends that he completed all necessary steps to
16  exhaust his administrative remedies.  (*Id.*).  Thus, Plaintiff's own admission in his Complaint
17  establishes that an administrative grievance was available.

18  **B. Plaintiff's Failure to Exhaust is Apparent on the Face of the Complaint**

19  Here, Plaintiff checked the boxes "yes" in the body of the Complaint as to whether he had
20  exhausted his administrative remedies. (Doc. No. 1 at 3).  However, Plaintiff further expressly
21  states he "pursued his Administrative remedies of this [Eight Amendment claim] to Exhaustion
22  notwithstanding any interference by the Kern Valley State Prison or the Department of
23  Corrections and Rehabilitations custody personnel."  (*Id.* at 12, ¶ 40).  Plaintiff specifically refers
24  to "Exhibit C" as evidence that he exhausted his administrative remedies as to the claims in his
25  Complaint.  (*Id.*).  The Court may disregard allegations in a complaint that are contradicted by
26  facts established in exhibits to a complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979,
27  988 (9th Cir. 2011) (a plaintiff may plead himself out of a claim by including details contrary to
28  his claims); *see also Cooper v. Yates*, 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (courts

1  may disregard factual allegations contradicted by facts established by reference to exhibits
2  attached to the complaint).

3       It is indisputable from the grievance and appeal attached as Exhibit C to the Complaint
4  that Defendant Gonzalez is not mentioned nor is a description of Gonzalez provided as required
5  by Title 15.  In both his initial grievance and his appeal, Plaintiff refers repeatedly and
6  exclusively to the actions of Defendant Charles as the individual who informed him of the cell
7  move, made the decision to move him, and ignored Plaintiff's expressed safety concerns.  (*See*
8  Doc. No. 1 at 19-22).  In the Complaint, Plaintiff inexplicably attributes those same actions
9  almost entirely to Defendant Gonzalez.  (*See* Doc. No. 1 at 3).  Thus, Plaintiff has not complied
10  with Section 3482(c)(2) of Title 15, requiring him to include "names and titles of all involved
11  staff members (or a description of those staff members)."

12       In certain circumstances, a Plaintiff's failure to name an individual in a grievance may not
13  be fatal.  For example, in *Reyes v. Smith*, plaintiff filed a health care grievance regarding his
14  institution's gradual termination of his access to morphine for pain management.  810 F.3d 654
15  (9th Cir. 2016).  The institution denied Plaintiff's grievance and appeals and noted in its
16  responses that the prison's Pain Management Committee ("PMC") had "recommended against
17  narcotics."  *Id*. at 656.  After Plaintiff filed suit against two members of the prison's PMC and
18  other prison officials, the district court granted an exhaustion-based motion for summary
19  judgment as to the two PMC members because they had never been named in Plaintiff's health
20  care grievances, contrary to Cal. Code Regs. tit. 15 § 3084.2(a) (2015).  *Id*. at 656-57.  The Ninth
21  Circuit reversed, noting the explicit reference to the PMC in the institution's responses in finding
22  that Plaintiff's grievance "plainly put prison officials on notice of the nature of the wrong alleged
23  in his federal suit—denial of pain medication by the defendant doctors [because] [p]rison officials
24  . . . plainly knew that the Pain Management Committee, of which Drs. Smith and Heatley and
25  Smith were members, had decided Reyes should not receive the medication . . ."  *Reyes*, 810 F.3d
26  at 659.  Thus, even though Reyes had not named the specific defendants in his grievance and
27  appeals, the Court found that the prison and those defendants were on notice of the nature of
28  Reyes' claims.  The Ninth Circuit also held that where the prison did not enforce a procedural

rule, such as the requirement of naming all involved individuals, but instead addressed a grievance on the merits, it could not later enforce that rule so long as it was on notice of the claim. *Id*. at 658.

The instant action is distinguishable from *Reyes* for two reasons. First, unlike in *Reyes*, the involvement of Defendant Gonzalez is not "easily identified" in Plaintiff's grievance. *Id*. at 658. Instead, the original grievance names only Defendant Charles as being responsible for Plaintiff's bed move, for ignoring Plaintiff's safety concerns, and for the eventual assault on Plaintiff by 2-5 Gang members. (*See* Doc. No. 1 at 21-22). Nothing in the grievance suggests or imply that any other correctional staff were involved with circumstances concerning Plaintiff's move. Instead, the grievance attributes all such actions to Defendant Charles. The Complaint makes only vague references to other staff, stating, "I followed Sgt. Charles instructions . . . trusting that my life would not be endangered by Sgt. Charles or by others" and "[d]espite my requests to be moved because of my safety . . . my requests were deliberately ignored by KVSP C lower yard administration." (Id. at 22). Plaintiff's appeal likewise makes no mention of any other staff involvement in the incident, referring exclusively to "misconduct by KVSP Sgt. Charles." (*Id*. at 19). The institutional responses to Plaintiff's grievance do not indicate that KVSP officials were on notice of the involvement of any other staff beyond Defendant Charles. (*Id*. at 18, 24-26). Because only Defendant Charles was identified in the original grievance, the record shows that Defendant Gonzalez could not have been "easily identified" in Plaintiff's initial grievance.

Second, unlike in Reyes, prison officials did not "opt not to enforce a procedural rule" as to Defendant Gonzalez. *Reyes*, 810 F.3d at 658. In *Reyes*, prison officials' responses indicated they recognized Plaintiff's allegations against unnamed members of the Pain Management Committee but did not enforce the Title 15 requirement that he name them in his grievance. *Id.* Here, there is no indication in the responses from the KVSP Office of Grievances or the CDCR Office of Appeals that prison officials were aware of allegations against any other, unnamed KVSP employee. (*See generally* Doc. No. 1 at 18-28). Thus, KVSP and CDCR officials did not "opt not to enforce a procedural rule" despite knowing the existence of unnamed prison staff involved in the incident.

9

**C. Leave to Amend Would be Futile**

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . ." *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir.2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. *See Mueller v. Aulker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

As discussed above, the Court finds dismissal of Defendant Gonzalez is warranted due to Plaintiff's failure to exhaust his administrative remedies as to Gonzalez. And because failure to exhaust bars Plaintiff from proceeding in federal court against Defendant Gonzalez, there are no facts that Plaintiff could plead in an amended complaint that would avoid dismissal of Gonzalez. *See*, *e.g., Cruz v. Jeffreys,* 2018 WL 1193045, at *4 (S.D. Cal. Mar. 7, 2018) ("Because Plaintiff had not exhausted his remedies prior to filing this case, further amendment would be futile"). Thus, the Court finds that further leave to amend would be futile.

## CONCLUSION

Plaintiff's Complaint specifically incorporates his grievance and appeal. Plaintiff did not name Defendant Gonzalez in the original grievance or his appeal. Defendant Gonzalez' involvement was not easily identified, nor did prison officials provide any indication they were on notice of Gonzalez's involvement in the February-March 2021 incident. Plaintiff did not oppose the Motion. Having considered only the Complaint and its attachments, the Court finds that Plaintiff has failed to exhaust his administrative remedies as to Defendant Gonzalez as to the claim advanced in the Complaint.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. No. 25) is **GRANTED**.
2. Defendant Gonzalez is dismissed from this action due to Plaintiff's failure to exhaust his administrative remedies as to Defendant Gonzalez.
3. The Clerk of Court is directed to revise the docket to reflect the dismissal only of Defendant Gonzalez.

4. Defendant Charles shall file an answer to the Complaint **within fourteen (14) days** of this Order.

Dated:   August 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE