# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GONZALEZ, *et al.*,<br><br>    Defendants. | Case No.: 1:22-cv-00977-HBK (PC)<br><br>ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT AS PREMATURE<br><br>(ECF No. 42) |

    Plaintiff Andy Gomez ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On February 3, 2025, a settlement conference was held before the undersigned. The case was settled and the parties were directed to file dispositive documents. (ECF Nos. 37, 38.)

    On February 4, 2025, Plaintiff and counsel for Defendant filed a stipulation to dismiss Defendant Charles and all claims in this action, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 39.) The action was then closed. (ECF No. 40.)

    On April 3, 2025, Plaintiff filed a motion to enforce the settlement agreement. (ECF No. 42.) The Court directed Defendant to file a response to Plaintiff's motion within twenty-one days, and for Plaintiff to file any reply within fourteen days from the date of filing of Defendant's response. (ECF No. 43.) Defendant filed a response on April 8, 2025. (ECF No. 44.) Plaintiff did not file a reply, and the deadline to do so has expired. Plaintiff's motion to enforce the

1

settlement agreement is deemed submitted.  Local Rule 230(l).

In the response, Defendant argues that the Court should disregard Plaintiff's motion to enforce the settlement agreement because the issue has been resolved.  (ECF No. 44.)  Defense counsel declares, under penalty of perjury, that the settlement agreement states that the settlement amount will be paid out within 180 days of completion of the settlement agreement, which includes review and signature by a representative of CDCR.  In March 2025, Plaintiff contacted defense counsel via letter regarding the status of the settlement agreement.  Defense counsel wrote back that, despite contacting CDCR, he had not received a completed copy of the settlement agreement, possibly due to staffing issues causing some delays.  On April 1, 2025, defense counsel received a completed copy of the settlement agreement, which was then sent via mail to Plaintiff on April 3, 2025.  Later that day, Plaintiff telephoned defense counsel, who informed Plaintiff that the agreement had been completed as of April 1, 2025, and the payment would be made out to Plaintiff in accordance with the terms of the agreement, and that defense counsel would follow up with CDCR when necessary to facilitate final payment.  Defendant received notice of Plaintiff's motion to enforce the settlement agreement on April 4, 2025, and it appears the motion was mailed for filing before the parties' April 3, 2025, conversation.  (*Id.*)

The settlement agreement between the parties states that the settlement amount will be paid out within 180 days of completion of the settlement agreement.  The settlement agreement was not completed until April 1, 2025. (ECF No. 44.)  As the full 180 days has not yet expired, Plaintiff's motion for enforcement of the settlement agreement is premature.

Accordingly, Plaintiff's motion to enforce the settlement agreement, (ECF No. 42), is DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated:   **May 6, 2025**                        /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE